# United States Bankruptcy Court

# United States District Of Massachusetts

| | |
|---|---|
| In re Sandra J. Potter and Michael A. Potter,<br><br>Debtors | Case No. 1:25-bk-10563<br><br>Chapter 7 |
| Wright Industries, Inc.,<br>Plaintiff,<br><br>v.<br><br>Sandra J. Potter and Michael A. Potter,<br>Defendants, | Adv. Pro. No. _____ |

### COMPLAINT

NOW COMES, Plaintiff, Wright Industries, Inc. ("Plaintiff"), by and through undersigned counsel, complaining of the Defendants, Sandra J. Potter and Michael A. Potter ("Defendants" or "Debtors"), and alleges:

### A.  PARTIES

1. Wright Industries, Inc., is a Massachusetts Corporation with a principal place of business at 22 Western Avenue, Essex, Massachusetts.

2. Upon information and belief, the Defendant Michael A. Potter, is an individual residing at 7 Herds Hill, Gloucester, MA 01930, and is the spouse of Sandra J. Potter.

3. Upon information and belief, the Defendant Sandra J. Potter, is an individual residing at 7 Herds Hill, Gloucester, MA 01930, and is the spouse of Michael A. Potter.

### B.  JURISDICTION

4. This is an action under 11 U.S.C. §§ 523 and 727 objecting to the discharge of the Defendant Debtors. The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and 157.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## C.  FACTS

### a.  Defendants' Fraudulent Transactions and Actions as to Wright Industries, Inc.

1. Paul Wright is the owner of Wright Industries, Inc.

2. During the summer of 2016, the Defendants purchased a property located at 119 Martin Street, Essex, MA (the "Property") with the intention of renovating it and selling it for a profit. Ex. A. at ¶ 3.

3. In anticipation of purchasing the property, the Defendants set up the Martin 119 Trust with Sandra J. Potter as its trustee. *Id.* at ¶ 4.

4. The Defendants were the sole beneficiaries of the Martin 119 Trust. *Id.* at ¶ 5.

5. The Property was purchased at an auction by Michael A. Potter with the winning bid being assigned to Sandra J. Potter as Trustee of the Martin 119 Trust. *Id.* at ¶ 6-7.

6. In 2016, the Defendant, Michael A. Potter, while acting as agent for the Defendant Sandra J. Potter, hired the Plaintiff to perform various construction work on the Property. *Id.* at ¶ 11, and Rulings of Law at ¶ 2.

7. Plaintiff worked under the direction of Defendant Michael Potter from August 2016, through the Spring of 2017. Ex. B at ¶ 14.

8. Plaintiff completed the work in a workmanlike manner. *Id.* at ¶ 15.

9. Plaintiff issued three invoices to Defendant Michael A. Potter while working on the Property. *Id.* at ¶¶ 18-21.

10. Plaintiff's invoices amounted to $15,434.52. *Id.* at ¶ 18.

11. The Defendants sold the Property on May 31, 2017, for $689,000 earning $43,212.27 in profit. Ex. A at ¶ 18.

12. Despite Plaintiff's repeated demands, the Defendants still refused to pay Plaintiff's invoices. Ex. B at ¶ 22.

13. Plaintiff filed suit against the Defendants on January 20, 2022, in the Gloucester District Court. *Id.*

14. Plaintiff and Defendants civil suit was scheduled to go to Jury Trial on November 2, 2023. Ex C at DE on August 4, 2023.

15. Defendant Michael A. Potter threatened to declare bankruptcy if Plaintiffs were to prevail at trial.

16. Defendant Sandra J. Potter told Plaintiff's counsel that she knew where Defendant Michael A. Potter hid his money.

17. The morning of trial on November 2, 2023, Plaintiff and Defendants reached a tentative settlement agreement causing Trial to be cancelled. Ex. D; and *see* Ex. C at DEs on November 2-3, 2023.

18. Subsequently, Defendant, Michael Potter rejected the tentative settlement agreement. *See* Ex. C.

19. Due to their withdrawal from the settlement agreement, Plaintiff was required to continue litigating against the Defendants for over a year. *See* Ex. C.

20. During a status conference on December 12, 2024, Defendants informed the MA District court that it should not schedule another trial date as the Defendants were going to file for bankruptcy shortly.

21. Defendants did not file for bankruptcy within the next month. *See* Ex. C.

22. On January 14, 2025, the MA District Court scheduled the case for trial on March 26, 2025. Ex. C.

23. Undersigned Counsel continued to prepare for trial on March 26, 2025, without receiving any communication from Defendants. *See e.g.,* Ex. C at DE on March 19, 2025.

24. By February 13, 2025, Defendants intended to file bankruptcy in March. Ex. E. at p. 2.

25. On March 21, 2025, just three business days before trial was set to begin, Defendants filed for bankruptcy. Ex. F.

26. Defendants filed for bankruptcy before Plaintiff's trial date in order to stay the trial. *Cf.* Ex. G.

27. During the Creditor's meeting, the Defendants admitted that they filed for bankruptcy due to Plaintiff's lawsuit against them.

### b. Defendant's False Statements and Oaths During Bankruptcy

28. The Defendants executed each and all of their statements and schedules filed with the Court in this case under the pains and penalties of perjury.

29. In each instance in which the Defendants gave oral testimony in this case, they gave that testimony under an oath duly administered by an officer authorized to administer oaths either by federal law or by the law in the place of examination.

30. Defendant Sandra J. Potter testified that she continues to have a golf membership at Bass Rocks Golf Club in Gloucester, MA.

31. Defendant Sandra J. Potter testified that her membership at Bass Rocks Golf Club is paid for by her daughter.

32. The Defendants did not disclose to this Court or to the Trustee, Sandra J. Potter's membership at Bass Rocks Golf Club. Ex. H Schedule A/B at Line 53.

33. An annual membership at Bass Rocks Golf Club for an individual such as Defendant Sandra J. Potter is at a _minimum_ no less than $1,780.00. *See* Ex. I. (Bass Rocks Golf Club's membership dues for Seniors).

34. The Defendants did not disclose any monetary support Defendants receive from their children to this Court or to the Trustee. Ex. J at Lines 4, 10; and Ex. H at Line A/B 29.

35. Defendant Sandra J. Potter reported her monthly income as $1,758.52. Ex. J at Line 14.

36. However, Defendant Sandra J. Potter's records show that for the two months prior to filing for bankruptcy, a Bank of America account bearing her maiden name, Sandra Koch, indicated that, excluding her Social Security deposits, she received over $2,748.00 in deposits monthly, including $3,000 in cash over two months. *See* Ex. E. at p. 10, 16.

37. Defendants did not disclose the source of these cash deposits. The Debtors failure or refusal to disclose the foregoing is an intentional and material non-disclosure that constitutes a false statement and a false oath.

38. Upon information and belief, Defendants' residence at 7 Herds Hill is held by the Seven Herds Hill Realty Trust.

39. Upon information and belief, Defendant Sandra J. Potter is the Trustee of the Seven Herds Hill Realty Trust.

40. Upon information and belief, Defendant Sandra J. Potter is the sole beneficiary of the Seven Herds Hill Realty Trust.

41. Defendants did not disclose the existence of the Seven Herds Hill Realty Trust to this Court or to the Trustee. The Defendants failure or refusal to disclose the foregoing is an intentional and material non-disclosure that constitutes a false statement and a false oath.

42. Defendants stated that the current value of their residence at 7 Herds Hill, Gloucester, MA 01930 was $1,000,000.00. Ex. H at Schedule C Line 1.1.

43. Upon information and belief, the Defendants' residence at 7 Herds Hill, Gloucester, MA has been assessed by Gloucester's Tax Assessor as having a value of $1,272,300.00 in the year 2025.

44. Upon information and belief, the Defendants' residence at 7 Herds Hill, Gloucester, MA was assessed by Gloucester's Tax Assessor as having a value of $1,249,200.00 in the year 2024.

45. Defendants failure or refusal to disclose the foregoing is an intentional and material non-disclosure that constitutes a false statement and a false oath.

46. Defendants' Summary of Assets and Liabilities states that their only Retirement or Pension account is an IRA account with Raymond James. Ex. H at Schedule A/B Line 21.

47. Defendants' Statement of Current Monthly Income separately identifies they receive $1758.52 in monthly pensions from other accounts. *See* Ex. J at Line 9 and p. 4.

48. Defendants do not attempt to claim their' $1,758.52 pension funds as exempt from discharge. Ex. H.

49. Upon information and belief, Defendants' residence has two fully furnished bedrooms.

50. Upon information and belief, Defendants have major household appliances including: a washing machine; a clothes dryer; a refrigerator; a microwave; a dishwasher; and a hot water heater. *But see* Ex. H at Schedule A/B Line 6.

51. Upon information and belief, Defendants have household goods and furnishings including: kitchenware; a dining room table; dining room table chairs; a couch; a desk; and linens. *But see id.*

52. Upon information and belief, Defendants' major household appliances, household goods, and furnishings are collectively valued at more than $3,000.00. *But see id.*

53. Upon information and belief, Defendants each maintain their own wardrobes.

54. Upon information and belief, Defendants own more than $500.00 in clothes.

55. Upon information and belief, Defendant Sandra J. Potter possesses a wedding ring. *But see* Ex. H at Schedule A/B Line 12.

5

56. Upon information and belief, Defendant Michael A. Potter possesses a wedding ring. *But see id.*

57. Upon information and belief, Defendants possess more than one pair of earrings. *But see id.*

58. Upon information and belief, Defendants possess more than one pair of necklaces. *But see id.*

59. Upon information and belief, Defendants possess more than two bracelets. *But see id.*

60. Upon information and belief, Defendants possess more than two watches. *But see id.*

61. Upon information and belief, Defendants jewelry is worth more than $1,000.00. *But see id.*

62. Defendants failure or refusal to disclose the foregoing is an intentional and material non-disclosure that constitutes a false statement and a false oath.

### *CLAIM ONE*
### *Objection to Discharge*
### **Violation of 11 U.S.C. § 727(a)(4)**

63. Plaintiff incorporates by reference and realleges each and every allegation set forth above as though fully set forth herein.

64. The Defendants knowingly and fraudulently made false oaths or accounts in Schedule A/B of their summary of Assets and Liabilities.

65. The Defendants knowingly and fraudulently made false oaths or accounts in their Chapter 7 Statement of Current Monthly Income.

66. Based upon the foregoing facts and the prevailing and controlling law, the Defendants are not entitled to a discharge in bankruptcy.

### *CLAIM TWO*
### *Objection to Discharge*
### **Violation of 11 U.S.C. § 727(a)(2)**

67. Plaintiff incorporates by reference and realleges each and every allegation set forth above as though fully set forth herein.

68. Upon information and belief, within one year before the date of the filing of the petition, Defendants with the intent to hinder, delay, or defraud their creditors have transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the Debtors.

69. Based upon the foregoing facts and the prevailing and controlling law, the Defendants are not entitled to a discharge in bankruptcy.

***CLAIM THREE***
***Objection to Discharge***
**11 U.S.C. § 523(a)(2)**

70. Plaintiff incorporates by reference and realleges each and every allegation set forth above as though fully set forth herein.

71. Grounds exist for an exception to discharge of the Plaintiff's claims pursuant to 11 U.S.C. § 523(a)(2)(A).

72. The Defendants knowingly and fraudulently hired Plaintiffs various construction services at the Property between August of 2016 and Spring of 2017 without any expectation of paying Plaintiff for its services.

73. Defendant Michael A. Potter knew that the Plaintiff sent him multiple invoices with the expectation that Defendant Michael A. Potter would pay for Plaintiff's services.

74. However, Defendants affirmatively opposed and refused to provide Plaintiff with payment for its services, despite admitting some payment was owed.

75. Defendants' falsely represented to the Plaintiff that the owner of the Property was Defendant Michael Potter, instead of the Martin 119 Realty Trust.

76. As a result of the willful and knowing conduct of the Defendants, the Plaintiff was compelled to litigate the dispute against the Defendants seeking the $15,434.52 for services rendered in addition to accrued interest, treble damages, and attorneys fees.

77. By fraudulently representing to Plaintiff that it would be compensated for the services it provided to the Defendants, the Defendants elicited Plaintiff to perform those services under false pretenses. The Defendants continued refusal to pay Plaintiff for those services amounts to fraud upon the Plaintiff, which fraudulent conduct is not dischargeable under 11 U.S.C. § 523(a)(2)(A).

    For the reasons shown above, Defendants should be denied discharge of their debts.

    THEREFORE, Plaintiff prays that this court enter judgment excepting the debt Defendants owes to Plaintiff, denying the Defendants' discharge of debts, and for such other relief as this Court deems just.

Wright Industries, Inc.,

By its attorneys,
/s/Parker T. Zellem
PARKER ZELLEM, ESQ.
BBO #713827
FARRELL SMITH O'CONNELL
AARSHEIM APRANS LLP
Chatham • Salem • Providence • Wilmington, NC
27 Congress Street, Suite 508
Salem, MA 01970
Tel: 978-744-8918
pzellem@fsofirm.com