COMMONWEALTH OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT

ESSEX, SS.                                       GLOUCESTER DIVISION
                                                 NO. 2039CV000039

THOMAS MACKEY,
Plaintiff,

v.

MICHAEL POTTER dba NORSTAR REALTY CORP.; SANDRA POTTER, individually and as Trustee of THE 119 MARTIN REALTY TRUST; and THE MARTIN 119 REALTY TRSUST,
Defendants.

---

FINDINGS OF FACT, RULINGS OF LAW, AND ORDER FOLLOWING JURY-WAIVED TRIAL

---

The Plaintiff, Thomas Mackey, brought suit to recover payment in full for extensive plumbing work he performed in connection with a residential home renovation project located at 119 Martin Street in Essex. "The Martin 119 Realty Trust" owned the home. The Defendant, Sandra J. Potter, created the trust and served as sole Trustee. Michael A. Potter and Sandra J. Potter are husband and wife and are also the sole beneficiaries of the trust. The Defendant, Michael A. Potter, dba "Norstar Realty Corporation," serving as general contractor or construction supervisor on behalf of the homeowner, hired Mackey to do the work. Mackey's final bill was for $15,806.32. Upon completion of the plumbing work, Michael A. Potter tendered Mackey $10,000.00 as payment in full for the plumbing work. Mackey rejected the tender and filed suit for the entire amount owed.

## CLAIMS

1.    Thomas Mackey versus Michael A. Potter, dba "Norstar Realty Corp," Sandra J. Potter, Trustee of "The Martin 119 Realty Trust," and "The 119 Martin Realty Trust" for <u>breach of contract</u>.

2.  Thomas Mackey versus Michael A. Potter, dba "Norstar Realty Corp," Sandra J. Potter, individually and as Trustee of "The Martin 119 Realty Trust," and "The 119 Martin Realty Trust" for <u>unjust enrichment</u>.

3.  Thomas Mackey versus Michael A. Potter, dba "Norstar Realty Corp" for <u>unfair and deceptive business practices pursuant to G.L. c. 93A § 9</u>.

## CROSSCLAIMS

1.  Sandra J. Potter, individually and as Trustee of "The Martin 119 Realty Trust" versus Michael A. Potter, individually, for <u>fraud</u>.

2.  Sandra J. Potter, individually and as Trustee of "The Martin 119 Realty Trust" versus Michael A. Potter, individually, for <u>indemnification</u>.

## JURY-WAIVED TRIAL

The trial took place on February 7, 2024, and on February 28, 2024. The parties submitted a total of 32 exhibits. The following witnesses testified: Thomas Mackey, Paul Wright, Michael Potter, and Sandra Potter. Pursuant to Mass. R. Civ. P. 52(c), based upon the totality of the credible evidence and any reasonable inferences based thereon, the Court enters the following findings of fact and rulings of law.

## FINDINGS OF FACT

1.  Thomas Mackey ("Mackey") is a duly licensed plumber in good standing in the Commonwealth of Massachusetts.

2.  Michael A. Potter ("Michael") and Sandra J. Potter ("Sandra") are married and reside in the same household.

3.  In the Spring 2016, Michael and Sandra planned to purchase the residential home located at 119 Martin Street, Essex (the "property" or "premises"), renovate the home, and sell it for a profit.

4.  On June 9, 2016, in anticipation of purchasing the property, Sandra created "The Martin 119 Realty Trust (the "Martin 119 Trust") by signing, as sole Trustee, the "Declaration of Trust."

5.  Michael and Sandra are named as sole beneficiaries of the Martin 119 Trust.

6.  Following a prior foreclosure, on July 6, 2016, the property was sold at auction to Michael, as the highest bidder, for $370,000. The same day, according to the Affidavit of Sale, the bid was assigned to Sandra as Trustee of the Martin 119 Trust.

7.  The Foreclosure Deed, dated July 6, 2016, granted the property to Sandra as Trustee of the Martin 119 Trust.

8.  On August 4, 2016, Sandra, as Trustee of the Martin 119 Trust, and Michael, as Trustee of the Seven Herd's Hill Realty Trust, took out a $570,000 mortgage on the property from Atlantic Financial, LLC.

9.  Renovations on the property began sometime during the summer of 2016.

10. In addition to being a beneficiary of the Martin 119 Trust that owned the property, Michael also held himself out to be the general contractor or construction supervisor for the renovations and doing business as "Norstar Realty Corporation ("Norstar").

11. In September of 2016, Michael hired Paul Wright to conduct excavation work at the property. In the course of his work, Paul Wright hired Mackey to conduct a "sewer tie-in" at the property.

12. While Mackey was doing the "sewer tie-in" Michael happened to be on site and introduced himself to Mackey. Michael paid Mackey directly for the "sewer tie-in" with a check from Norstar in the amount of $401.59.

13. Subsequently, Michael contacted Mackey and offered him additional plumbing work at the property. The scope of the work involved two bathrooms, a laundry room, and the kitchen.

14. Michael and Mackey agreed to labor costs at $70.00 per hour and the cost of materials with no markup. There was no written contract or a specified completion date. Mackey had no direct dealings with Sandra in connection with the terms and conditions of the agreement or with respect to any of the plumbing work at the property.

15. Mackey performed plumbing work at the property from September 2016 through May 2017. During the times he was working at the property, he saw Sandra a "handful" of times discussing color schemes with other contractors. Mackey saw Michael at the property a "couple times" a week during the time he was performing plumbing work at the property.

16. Mackey completed all the plumbing in a workmanlike manner and on May 2, 2017, the plumbing inspector for the Town of Essex issued a written approval.

17. On March 3, 2017, the property was listed for sale by Alice Miller, Coldwell Banker. The list price was $699,000. An offer was made on April 9, 2017, and the property was taken off the market as of May 6, 2017. The agreed sale price was $689,000. The closing was scheduled for May 31, 2017.

18. On May 31, 2017, as evidenced by quitclaim deed, Sandra, as Trustee of the Martin 119 Trust, conveyed the property to Mackenzie and Kate King for $689,000.

19. The mortgage payoff amount to Atlantic Financial, LLC was $605,127.78.

20. As proceeds from the sale of the property, closing attorney Richard M. Kallman issued a check in the amount of $43,212.27 to "Sandra J. Potter, Trustee." Sandra endorsed the check by signing her name to the back. She also wrote under her name the number 1326076695.

21. On June 1, 2017, Sandra deposited the proceeds check into Citizens bank account 1326076695; an account entitled "Michael A. Potter dba 119 Martin."

22. On June 20, 2017, Mackey sent two invoices to "Mike Potter, Norstar" for the labor and materials he provided in connection with the plumbing work on the property from September 2016

through May 2017. Invoice #0675 for $12,800.61 and Invoice #0676 for $3,005.71. Both invoices totaled $15,806.32. Total amount payable by July 1, 2017.

23. On August 22, 2017, Michael issued a check from "Norstar Realty Corp." to Mackey in the amount of $10,000. The words "119 Martin" are written on the memo line of the check. On the back of the check, Michael wrote "payment in full."

24. Because this was not full payment for the plumbing work and materials provided, Mackey refused to cash the check.

25. Because Michael failed to compensate Mackey in full and in a timely manner, Mackey incurred an accrued interest balance of $1,500.00 on his Salem Plumbing Supply account.

## RULINGS OF LAW

1. Michael and Sandra, as beneficiaries of the Martin 119 Trust, each had an ownership interest in the property.

2. Based on the purpose for which the Martin 119 Trust was created, and the totality of the circumstances surrounding the renovations and sale of the property, Michael, at all relevant times acted as an agent of the trust and Sandra, as Trustee.

3. Based on the conduct and interactions of Michael and Sandra in connection with the renovations and sale of the property, Michael had the implied authority to bind Sandra and the trust to third-party contracts.

4. Mackey and Michael, through their words and actions, created a binding contract: Mackey agreed to provide plumbing services in a workmanlike manner at $70.00 per hour for labor and materials at cost with no markup. Michael agreed to compensate Mackey accordingly upon completion of the work.

5.  There is no evidence that Mackey was aware, at the inception of the contract or anytime thereafter, of the existence of the Martin 119 Trust or Sandra as Trustee. As such, Sandra, as Trustee, is deemed an "undisclosed principal." Restatement Third, Agency § 6.03(1).

6.  As an "undisclosed principal" Sandra, as well as Michael, are liable under the contract with Mackey. Restatement Third, Agency § 6.03, comment b. See also Delano v. Goldstein, 281 Mass. 188, 189 (1932) (wife, as undisclosed principal, held liable for money owed to plumber under oral contract negotiated by her husband prior to his death).

7.  Mackey performed his obligations under the contract completely and in a workmanlike manner. Michael and Sandra breached their obligations under the contract by failing to pay Mackey in full for labor and materials rendered.

8.  Mackey is entitled to damages for the full contract price of $15,806.32.

9.  The $1,500.00 in interest owed by Mackey to Salem Plumbing Supply was in relation to materials purchased for performance of the contract. But for Michael and Sandra's breach of contract, Mackey would not have incurred the interest expense. Thus, Mackey is entitled to additional compensation in the amount of $1,500.00.

10. As owners of the property, both Michael and Sandra received a substantial benefit from the plumbing work provided by Mackey. Mackey's plumbing work increased the value of the property and placed it in condition to be sold for a profit.

11. Michael and Sandra were unjustly enriched at Mackey's expense.

12. The Court has concluded that Michael and Sandra breached the contract with Mackey and awarded Mackey damages under the contract.

13. Where the Court has awarded damages under the contract, any further claim for damages for unjust enrichment are unnecessary and deemed moot.

14. Based on the totality of the circumstances, the defendants' conduct was neither "unfair" nor "deceptive" as those terms have been interpreted in connection with G.L. c. 93A.

## DECISION AND ORDER

1. Count One of the Amended Complaint (Breach of Contract): the Court finds for the **Plaintiff** against both Sandra J. Potter, as Trustee of the Martin 119 Trust, and Michael A. Potter. The Court awards damages in the amount of $15,806.32 (contract price) and $1,500.00 (expense incurred as a result of the breach of contract) for a total of **$17,306.32**. The Defendants' liability is joint and several.

2. Count Two of the Amended Complaint (Unjust Enrichment): the Court finds for the **Plaintiff** against both Sandra J. Potter, as Trustee of the Martin 119 Trust, and Michael A. Potter. Where the Court has awarded the Plaintiff damages for breach of contract, any further recovery for unjust enrichment is unwarranted, therefore, the Court awards zero damages.

3. Count Three of the Amended Complaint (G.L. c. 93A – Unfair and Deceptive Acts or Practices): the Court finds for the **Defendants**.

4. Count One of the Crossclaim (Fraud): the Court finds for **Michael A. Potter**.

5. Count Two of the Crossclaim (Indemnification): the Court finds for **Michael A. Potter**.

_____
Michael A. Patten, J.

Date: April 18, 2024