COMMONWEALTH OF MASSACHUSETTS

| ESSEX, ss | GLOUCESTER DISTRICT COURT |
|---|---|

WRIGHT INDUSTRIES, INC., )
)
      Plaintiff, )
)
v. )   CIVIL ACTION
)   NO.:
MICHAEL POTTER, individually and d/b/a )
NORSTAR REALTY CORPORATION, SANDRA )
POTTER, individually and as Trustee of 119 )
MARTIN STREET REALTY TRUST, and 119 )
MARTIN STREET REALTY TRUST, )
)
      Defendants. )

## PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

### PARTIES

1. The Plaintiff, Wright Industries, Inc., is a Massachusetts corporation with a principal place of business at 22 Western Avenue, Essex, Massachusetts 01929.

2. The Defendant, Michael Potter is an individual doing business as NorStar Realty Corporation, is located in Gloucester, Massachusetts.

3. The Defendant, Sandra Potter is an individual, and the Trustee of 119 Martin Street Realty Trust, is located in Gloucester, Massachusetts.

4. The Defendant, 119 Martin Street Realty Trust with Sandra Potter designated as Trustee, located in Gloucester, Massachusetts.

### JURSIDICTION AND VENUE

5. Jurisdiction is appropriate pursuant to applicable Massachusetts statutes regarding subject matter jurisdiction and amount in controversy.

6. Venue is appropriate as all parties reside in Essex County.

## FACTUAL ALLEGATIONS

7. Wright Industries, Inc provides labor, supplies and equipment for various construction jobs.

8. Sandra Potter, Trustee of 119 Martin Street Realty Trust, hired Michael Potter to be a construction supervisor for the renovation of real property located at 119 Martin Street, Essex, Massachusetts with the intention to sell the property for profit.

9. At all relevant times, Michael Potter d/b/a NorStar Realty Corp. was an agent and/or employee of Sandra Potter and/or 119 Martin Street Realty Trust.

10. At all relevant times, Michael Potter individually or d/b/a NorStar Realty Corp. was in privity of contract with Sandra Potter, Trustee of 119 Martin Street Realty Trust.

11. In August of 2016, Michael Potter individually or d/b/a NorStar Realty Corp. entered into a contract with Wright Industries to perform various construction work at 119 Martin Street in Essex, Massachusetts.

12. The property at 119 Martin Street in Essex, Massachusetts was owned and under the control of Michael Potter individually or d/b/a NorStar Realty Corp., Sandra Potter, individually or at Trustee of 119 Martin Street Realty Trust.

13. The Defendants intention was to remodel the home located at 119 Martin Street, Essex, Massachusetts and sell it for a profit.

14. The Plaintiff worked and/or provided supplies and services at the property located at 119 Martin Street, Essex, Massachusetts under the direction of Michael Potter individually or d/b/a NorStar Realty Corp., from August 12, 2016 through June of 2017.

15. The work was completed in a workmanlike manner.

16. 119 Martin Street, Essex, Massachusetts was sold and Michael Potter individually or d/b/a NorStar Realty Corp., Sandra Potter, individually or at Trustee of 119 Martin Street Realty Trust were enriched.

17. Wright Industries has repeatedly invoiced the Defendants for the work performed.

18. There are three outstanding invoices that total $15,434.52.

19. The first invoice in the amount of $7,282.24 should have been paid on or before September 29, 2016.

20. The second invoice in the amount of $7,749.78 should have been paid on or before January 3, 2017.

21. The third invoice in the amount of $402.50 should have been paid on or before July 7, 2017.

22. Despite demand, the Defendants refuse to pay the Plaintiff.

## COUNT I - BREACH OF CONTRACT

23. Prior to commencing work, the parties agreed to exchange services for monetary compensation by Michael Potter individually or d/b/a NorStar Realty Corp.

24. The Defendants received the benefit of the bargain as Plaintiff completed the agreed upon services in a timely manner.

25. At all relevant times, the Defendants owed the Plaintiff $15,434.52 in exchange for the services rendered.

26. Plaintiff did not receive the benefit of the bargain as it was never paid.

27. As a result, Defendants breached their agreement with Plaintiff and Plaintiff is damaged by the lack of compensation for his services.

## COUNT II – UNJUST ENRICHMENT

28. Defendants continue to refuse to pay Plaintiff for the services rendered.

29. Plaintiff's services enabled the Defendants to sell the property in question and make a substantial profit.

30. From October of 2017 to the present, Defendant have been unjustly enriched by keeping funds that belong to the Plaintiff and refusing to compensate the Plaintiff for the services rendered.

## COUNT III – UNFAIR AND DECEPTIVE BUSINESS PRACTICES

31. At all relevant times, the Defendants were engaged in business practices for profit.

32. All businesses are subject to the provisions of G.L. c. 93A §9.

33. Every contract has the implication of good faith and fair dealings by all parties.

34. Defendants violated the principles of G.L. c. 93A §9 by failing to deal in good faith. They dealt in bad faith in the following manners:

    a. Refusing to pay for services rendered;

    b. Misrepresenting the truth to Plaintiff concerning complaint about work performed;

    c. Failing to produce any identifying information about the existence of the Trust;

    d. Selling the property in question without compensating Plaintiff;

    e. Forcing the Plaintiff into litigation in order to compel compensation that is owed; and

    f. And in other ways as will be proven through discovery and at trial.

WHEREFORE, the Plaintiff, Wright Industries, Inc. demands judgment against the Defendants, Michael Potter individually or d/b/a NorStar Realty Corp., Sandra Potter,

individually or at Trustee of 119 Martin Street Realty Trust in the amount of Plaintiff's damages as will be demonstrated at trial, plus interest from the date of breach and costs. That amount to be doubled and an award of attorneys fees and costs by the Court upon a finding of bad faith by the Defendants and additional such relief as the Court deems fit.

          Respectfully submitted,
          Wright Industries, Inc.

          By its attorney,

          _____
          David S. Smith, Esq. (BBO No. 634865)
          J. Andrew Black, Esq. (BBO No. 705139)
          FARRELL SMITH O'CONNELL
          AARSHEIM APRANS LLP
          27 Congress Street, Suite 109
          Salem, MA 01970
          Tel: 978-744-8918

Dated: January 20, 2022        e-mail: dsmith@fsofirm.com
                                        ablack@fsofirm.com

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A(a) | DOCKET NO. | Trial Court of Massachusetts |
|---|---|---|

| PLAINTIFF(s)<br>Wright Industries, Inc. | DEFENDANT(s)<br>Michael Potter, et. al. | DATE FILED<br>Jan. 20, 2022 |
|---|---|---|

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. | COURT DIVISION<br>Gloucester District Court |
|---|---|

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | $ |
| 2. Total doctor expenses: | $ |
| 3. Total chiropractic expenses: | $ |
| 4. Total physical therapy expenses: | $ |
| 5. Total other expenses (describe) _____ | $ |
| SUBTOTAL: | $ |
| B. Documented lost wages and compensation to date: | $ |
| C. Documented property damages to date: | $ |
| D. Reasonably anticipated future medical and hospital expenses: | $ |
| E. Reasonable anticipated lost wages: | $ |
| F. Other documented items of damage (describe): _____ | $ |
| G. Brief description of Plaintiff's injury, including nature and extent of injury: | |
| For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: | $ |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| ☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a) | |
| Provide a detailed description of the claim(s): Plaintiff provided services and supplies to Defendants pursuant to a contract. Defendants failed to pay when invoiced. Plaintiff claims breach of contract, interest from the date of breach and 93A damages. | $ 7282.24<br>$ 7749.78<br>$ 402.50 |
| For this form, disregard double or treble damage claims; indicate single damages only. TOTAL: | $ 15,434.52 |

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF) | DEFENDANT'S NAME AND ADDRESS: |
|---|---|
| SIGNATURE David S. Smith  DATE 1/20/2022 | Michael Potter, et. al. |
| PRINT OR TYPE NAME David S. Smith  B.B.O. # 634865 | Herds Hill |
| ADDRESS 27 Congress St., Ste 109, Salem, MA 01970 | Gloucester, MA 01930 |

CERTIFICATION PURSUANT TO SJC RULE 1:18: I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record: _____   Date: 1/20/22

12.19